Bernard E. Gburek III (SBN AZ 041030)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone: 602.279.1600
Facsimile: 602.240.6925
bernard.gburek@stinson.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| PHI Health, LLC,<br><br>Plaintiff,<br><br>v.<br><br>United HealthCare Services, Inc. and CoreCivic, Inc.,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA AND PLAINTIFF, PHI HEALTH, LLC.**

**PLEASE TAKE NOTICE THAT** Defendants, United HealthCare Services, Inc. ("UHS") and CoreCivic, Inc. ("CoreCivic"), hereby submit this notice of removal of this case from the Superior Court of the State of Arizona, Maricopa County, where it is now pending, to the United States District Court for the District of Arizona. The basis for removal is that this Court has original jurisdiction over this matter, which arises under the laws of the United States. 28 U.S.C. §§ 1331, 1441. This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b). In support of removal, Defendants state the following:

1. On or about September 23, 2026, Plaintiff PHI Health, LLC ("Plaintiff") initiated this case by filing a Complaint and Application for Confirmation of Arbitration Award and Entry of Judgment in the Superior Court of the State of Arizona, Maricopa County, captioned *PHI*

*Health, LLC v. United HealthCare Services, Inc. and CoreCivic, Inc.*, Case No. CV2026-039536 (the "State Court Action").

2. UHS was served with the Complaint and Application for Confirmation of Arbitration Award and Entry of Judgment on September 24, 2026. Copies of documents from the State Court Action, including the Complaint and Summons served on UHS, are attached hereto as **Exhibit 1**, together with the remaining state-court documents required by LRCiv 3.6(b).

3. CoreCivic was served with the Complaint and Application for Confirmation of Arbitration Award and Entry of Judgment on September 29, 2026.

4. In accordance with 28 U.S.C. § 1446(a) and LRCiv 3.6(b), Defendants are filing with this Notice of Removal the required process, pleadings, orders, and other documents from the State Court Action as **Exhibit 1**. **Exhibit 1** contains the state-court record filed with this Notice of Removal.

5. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(1) as it has been filed within thirty (30) days of the receipt of the Complaint and Application for Confirmation of Arbitration Award and Entry of Judgment.

6. The Superior Court of the State of Arizona, Maricopa County, is located within the District of Arizona. Accordingly, removal to this Court complies with the venue requirements of 28 U.S.C. § 1446(a).

7. The written notice required pursuant to 28 U.S.C. § 1446(d) is being filed in the Superior Court of the State of Arizona, Maricopa County and served upon Plaintiff.

8. In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served join in and consent to removal of the action.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

9. This case is removable to federal court because Plaintiff's claims arise under federal law. 28 U.S.C. §§ 1331, 1441(a).

10. 28 U.S.C. § 1441 authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

11. Federal courts have original jurisdiction over causes of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

12. To determine whether a claim "arises under" the laws of the United States, courts adopt the "well-pleaded complaint rule," which evaluates whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Claims created by federal law necessarily justify removal based on federal question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013).

13. Plaintiff pleads a cause of action for "Enforcement of Arbitration Awards" under the Federal No Surprises Act, 42 U.S.C. § 300gg-111 ("NSA"). (Compl., ¶¶ 33-37 (First Claim for Relief).) Because a "right or immunity" created by a federal law is an "element, and an essential one" of Plaintiff's claims, a federal question is implicated. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citation omitted). The existence of the IDR award, and Plaintiff's alleged entitlement to judicial relief (if any), arises solely from the NSA. (*See* Compl., ¶¶ 33-37.)

14. In sum, because the Plaintiff asserts a direct cause of action under the NSA—a federal statute—removal of the Complaint from state to federal court is proper under 28 U.S.C. § 1441(a).

15. Plaintiff also asserts a cause of action under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the IDR award. (*See* Compl. ¶¶ 38-40 (Second Claim for Relief).) The FAA does not confer independent original jurisdiction on courts of the United States, but this Court has an "independent jurisdictional basis" over Plaintiff's complaint, which through Plaintiff's Second Claim for Relief "alleges that federal law (beyond [the FAA]) entitles the [plaintiff] to relief." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). Further, the existence of the

IDR award, and Plaintiff's alleged entitlement to judicial relief (if any), arises solely from the NSA. (*See* Compl., ¶¶ 33-37.)

16. Federal courts also have supplemental jurisdiction, 28 U.S.C. § 1367(a), over "state law claims that 'derive from a common nucleus of operative fact'" as federal claims in cases removed from state to federal court. *See Int'l Coll. of Surgeons*, 522 U.S. at 164-65 (citation omitted); 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

17. In addition to the direct cause of action under the NSA, the Complaint also asserts three state law causes of action against Defendants for enforcement of an NSA IDR Award: (1) "Application for Enforcement of Arbitration Awards Pursuant to the Arizona Revised Uniform Arbitration Act," A.R.S. § 12-3005 *et seq.*, (2) declaratory judgment, and (3) "Money Had and Received." (*See* Compl., ¶¶ 41-62.) All of these causes of action are based on Defendants' purported failure to pay the NSA IDR Award. (*See id.*) Specifically, Plaintiff seeks damages of at least $14,588.28 (*i.e.*, the amount allegedly owed on the NSA IDR Award at issue). (*Id.*, ¶ 32.)

18. Each of Plaintiff's claims necessarily states and raises a federal issue. Specifically, Plaintiff's claim is premised on an IDR award obtained under the NSA, 42 U.S.C. § 300gg-111(c)—the federal regulatory framework for out-of-network providers, like Plaintiff, and payors of medical claims, like UHS and/or CoreCivic, to resolve certain out-of-network payment disputes. (Compl., ¶¶ 27-32)

19. Plaintiff asserts that the NSA "created a mandatory federal dispute resolution process to determine pricing for all out-of-network emergency air ambulance transports of patients who are covered by commercial health plans." (*Id.*, ¶ 16.)

20. When Plaintiff disagreed with the initial reimbursement purportedly allocated by UHS, it "turned to the dispute resolution plan set forth in the NSA" and then "initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal." (*Id.*, ¶ 25, 27.)

21. Plaintiff alleges that IDR entities issued a "determination [that] was in PHI's favor," and that it seeks payment of at least $14,588.28, the alleged unpaid amount awarded through the IDR proceeding. (*Id.*, ¶¶ 28-40.)

22. In addition to the direct cause of action under the NSA, Plaintiff asserts additional causes of action arising under state law. (*See Id.*, ¶¶ 41-62 (Third, Fourth, and Fifth Claims for Relief).) This Court may exercise supplemental jurisdiction over the state claims, which are intended as an alternative mechanism to enforce the underlying federal IDR award at issue in the Complaint. *See Int'l Coll. of Surgeons*, 522 U.S. at 165; 28 U.S.C. § 1367(a).

23. If there is a single federal question present in the complaint, then a district court "ha[s] supplemental jurisdiction over all other [related] claims." 28 U.S.C. § 1367(a). Specifically, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

24. Thus, this Court has supplemental jurisdiction over any otherwise non-removable at-issue claims and/or causes of action and may determine all issues therein. The Court can and should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over any such claims. Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper even when removable claims are joined with non-removable ones.

## RESERVATION OF RIGHTS

25. Defendants do not waive – and hereby expressly reserve – their right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings.

**WHEREFORE**, Defendants, in this action described herein currently pending in the Superior Court of the State of Arizona, Maricopa County, request that this action be removed therefrom to this Honorable Court. Defendants further request that this matter remains in federal district court and that this Court exercise jurisdiction over all claims stated in Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 23rd day of October, 2026.

**STINSON LLP**

By: s/ *Bernard E. Gburek III*

Bernard E. Gburek III
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004

*Attorneys for Defendants*